IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLA A. YUKNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 6191 |
| v. | ) |
| | ) Wayne R. Andersen |
| FIRST STUDENT, INC., | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the parties cross-motions for summary judgment. For the following reasons, plaintiff Carla Yuknis' motion for summary judgment [38] is denied, and defendant First Student Inc.'s motion for summary judgment [46] is granted.

### BACKGROUND

From reviewing the pleadings and submissions by both parties, the relevant undisputed facts are as follows. Plaintiff Carla Yuknis was employed as a part-time bus driver for defendant First Student Inc. from approximately June 2001 through November 14, 2003. During her employment, she filed internal grievances complaining about a hostile work environment based on allegations of exposure to pornography and the existence of inter-office sexual relationships between a manager and another employee. On March 4, 2003, Yuknis filed an initial charge with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, which was dismissed by May 1, 2003. Yuknis later filed an amended charge with the EEOC on November 28, 2003, alleging continued harassment and retaliation, which was dismissed on June 28, 2004.

During her employment, Yuknis was reprimanded for inappropriate behavior, including verbal abuse of management. On November 14, 2003, Yuknis was fired for making false and misleading statements to a co-worker about her supervisor. After she was fired, Yuknis filed a complaint setting forth allegations of racial discrimination, harassment, hostile work environment and retaliation. First Student moved to dismiss the complaint. That motion was denied. This matter now is before the court on the parties' cross motions for summary judgment.

## DISCUSSION

Both Yuknis and First Student have moved for summary judgment. Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner v. Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997).

Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations will not defeat a motion for summary judgment." *Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990)).

2

In her motion for summary judgment, Yuknis does not differentiate between her claims of discrimination, harassment, hostile work environment or retaliation, and she also does not discuss the prima facie elements she must prove to state any claim for relief. The fact-intensive nature of employment discrimination cases does not oblige this court to "scour the record" for factual disputes to help a party avert summary judgment. *Greer v. Bd. of Ed. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). However, it is clear from the undisputed facts in the record that Yuknis cannot state a prima facie claim of discrimination, harassment, hostile work environment or retaliation nor has she engaged in any statutorily protected activity which would entitle her to any relief under Title VII.

## I. Yuknis Cannot State a Claim for Discrimination

Title VII of the Civil Rights Act of 1964 prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions or privileges of employment based on the employee's race or sex. *See* 42 U.S.C. § 2000e-2(a). A plaintiff alleging discrimination under Title VII can prove such discrimination either by providing direct evidence of an employer's discriminatory intent, or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See also Alexander v. Wisconsin Department of Health and Family Services*, 263 F.3d 673, 682 (7th Cir. 2001). Yuknis has not produced any direct evidence of racial discrimination, harassment or hostile work environment. Thus, this court proceeds under the *McDonnell Douglas* framework.

To state a claim for race discrimination, Yuknis must initially demonstrate: (1) she is a member of a protected class; (2) she performed her job satisfactorily and was meeting her

3

employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) other similarly-situated employees who are not members of the protected class were treated more favorably. *See Koski v. Standex Intern. Corp.*, 307 F.3d 672, 676 (7th Cir. 2002); *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002). Yuknis has failed to show that she was performing her job satisfactorily. Indeed, the undisputed facts shows that she was reprimanded for her treatment of management, issued a warning for her behavior, and ultimately fired for her insubordinate behavior.

Yuknis also has failed to demonstrate that other similarly-situated employees who are not members of the protected class were treated more favorably. In order to meet her burden on this fourth prong of the test, Yuknis must show that there is an individual or individuals directly comparable to her in all material aspects who received more favorable treatment. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir. 2002). However, Yuknis has offered absolutely no evidence that other similarly-situated non-African American employees complained about harassment and a hostile work environment but were not fired. The record is devoid of any evidence regarding the conduct of other employees or the treatment they may have received from management.

Thus, based on the undisputed facts, it is clear that Yuknis has not established the second and fourth elements of claim for race discrimination, and her motion for summary judgment must be denied.

## II. Yuknis Cannot State a Claim for Harassment or Hostile Work Environment

To prevail on a claim of hostile work environment, the Seventh Circuit has stated that an employee must show that: "(1) she was subjected to unwelcome sexual advances, requests for

4

sexual favors or other verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her sex; and (4) there is a basis for employer liability." *Rhodes v. Illinois Dept. of Trans.*, 359 F.3d 498, 505 (7th Cir. 2004) (citing *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002)). In evaluating a hostile work environment claim, a court should consider the "totality of the circumstances." *Meritor v. Vinson*, 477 U.S. 57, 66 (1986) (citing 29 CFR § 1604.11(b) (1985)). The conduct must be both subjectively and objectively offensive. *See McKenzie v. Milwaukee County*, 381 F.3d 619, 624 (7th Cir. 2004).

Here, the conduct claimed by Yuknis does not meet the Seventh Circuit's standard for hostile work environment because none of the alleged harassment was directed at her. The undisputed facts show that Yuknis was not the subject of any unwelcome sexual advances, requests for sexual favors or conduct of a sexual nature nor was she exposed to any pornography. Additionally, even if it were true that one of her manager's had a sexual relationship with another employee, consensual affairs among co-employees are not particularly uncommon, nor are they prohibited by Title VII. *See E.E.O.C. v. Concertra Health Services, Inc.*, 2006 WL 2024240, at *6 (N.D. Ill. July 12, 2006).

The undisputed facts that Yuknis was not exposed to any pornography nor was she the recipient of any unwelcome sexual advances also undermine the alleged severity of the conduct. The Seventh Circuit has found the severity requirement very high, saying that the workplace must be "hellish" to be actionable. *Whittaker v. Northern Illinois Univ.*, 424 F.3d 640, 645 (7th Cir. 2005) (citing *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997)). Even if offensive conduct is directed at the employee, if most of it occurs unbeknownst to the employee,

it is not severe enough to create a hostile environment. *See Whittaker*, 424 F.3d at 645. Relatively isolated instances of conduct that are not severe are insufficient to support a claim. *Id.* at 646 (citing *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 533 (7th Cir. 1993)). Here, it is undisputed that Yuknis never viewed any of the pornography herself nor was she the recipient of any inappropriate sexual advances. Consequently, any misconduct would not be severe or pervasive enough to constitute an objectively hostile work environment for Yuknis.

Thus, based on the undisputed facts, it is clear that Yuknis cannot possibly meet the first and second elements of a hostile work environment claim, and her motion for summary judgment must be denied.

## III. Yuknis Cannot State a Claim for Retaliation

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a statutorily protected activity; and (2) she suffered an adverse employment action. *See* 42 U.S.C. § 20003-3(a); *see also Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002). The first element has also been described as opposing an employment practice which is unlawful under Title VII. *See Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 705 (7th Cir. 2000) (citing *Cullom v. Brown*, 209 F.3d 1035, 1040 (7thCir. 2000)).

For Yuknis to establish a claim of retaliation premised upon her complaints about harassment, pornography and inappropriate sexual relationships between co-workers, that conduct must also be prohibited by Title VII's protection against hostile work environment. Conversely, if the type of conduct at issue is not prohibited by Title VII, then an employee's complaint about such conduct is not "statutorily protected" under Title VII. As stated above, the

conduct about which Yuknis complains is not sufficient to a state a claim of hostile work environment. Therefore, a claim of retaliation based on such complaints is not statutorily protected expression under Title VII.

Thus, based on the undisputed facts, Yuknis cannot state a claim for retaliation, and her motion for summary judgment must be denied.

## CONCLUSION

Based on the forgoing reasons, plaintiff Carla Yuknis' motion for summary judgment [38] is denied, and defendant First Student, Inc.'s cross-motion for summary judgment [46] is granted. This is a final and appealable order, terminating the case.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: August 28, 2006